Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5872 | **DATE** | 5/20/2002 |
| **CASE TITLE** | Isom vs. Howmedica | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, defendant's motion to strike all or part of Dr. Litsky's Rule 26 report (80-1) is granted in part, and deferred in part. The parties are directed to provide the Court with a copy of the transcript of Dr. Litsky's deposition within 14 days after the deposition is completed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 2 2 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 89 |
| | Mail AO 450 form. | | IS docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | OR | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
MAY 22 2002

KERRY ISOM and HELEN ISOM, )
)
Plaintiffs, )
)
vs. ) Case No. 00 C 5872
)
HOWMEDICA, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In this product liability case, defendant Howmedica, Inc. has moved to strike all, or at least certain parts, of the Rule 26(a)(2) report submitted by plaintiffs' expert Alan S. Litsky, M.D. For the reasons stated below, the Court grants the motion in part, denies it in part, and defers ruling in part.

### 1. Authorship of expert's report

Howmedica first argues that Dr. Litsky's report, which covers 72 pages, does not appear to have been prepared by Dr. Litsky and "does not reflect the actual work or opinions or Dr. Litsky." In response, the Isoms have submitted an affidavit from Dr. Litsky. The affidavit appears to indicate that the Isoms' attorney prepared the initial draft of a report based on extensive discussions with Dr. Litsky regarding his findings after he reviewed relevant materials, and that Dr. Litsky then made amendments which were incorporated in the final version of the report. Dr. Litsky affirms that all the opinions in the report are his. Howmedica argues that plaintiffs' counsel "perverted the meaning and intent" of Rule 26(a)(2)(B) by drafting the report.

89

Rule 26(a)(2)(B) requires a written report "prepared and signed by the witness." The Advisory Committee Notes to the 1993 amendments to Rule 26, which added this requirement, state that the Rule "does not preclude counsel from providing assistance to experts in preparing the reports .... Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner which reflects the testimony to be given by the witness and it must be signed by the witness." Fed. R. Civ. P. 26, 1993 Advisory Committee Notes. Dr. Litsky's affidavit is sufficient to establish, at least for purposes of the present motion, that he "prepared" the report even though the Isoms' counsel was the scrivener. Some of the language in the report may have been chosen by counsel in the first instance, but Dr. Litsky was sufficiently involved in the preparation and revision of the report that it may be fairly considered as setting forth his opinions, not those of counsel. We reject a formalistic approach which would require that the expert be the person who actually puts pen to paper (or fingers to keyboard). The report meets the Rule's requirements.

2.  **Expert's opinions**

Howmedica objects to several of the opinions set forth in Dr. Litsky's report. Among other things, Dr. Litsky proposes to testify that Howmedica's product was "unreasonably dangerous" (Opinions 1 and 2) and that Howmedica acted with "conscious disregard" and "utter indifference" to the risk of injury (Opinions 3, 4, and 5).

a.  **Opinions regarding defendant's intent**

The Court concludes that Opinions 3, 4, and 5 are inadmissible. In his report, Dr. Litsky states that he has been advised that under Illinois law, "willful and wanton" conduct is "a course of action which shows an utter indifference to or conscious disregard for a person's own safety."

2

Report, p. 36 (quoting Illinois Pattern Instructions, Civil 3d ¶14.01 (2000). In concluding that Howmedica's actions met that standard, Dr. Litsky is giving an opinion regarding Howmedica's intent. Even assuming that Dr. Litsky had the qualifications to determine someone else's intent – an assumption not borne out in the materials submitted to the Court – and even though Federal Rule of Evidence 704(a) abrogates the common-law rule barring expert opinions on an "ultimate issue," we must nonetheless analyze whether an "expert" opinion on this topic would assist the jury and if so, whether its probative value is outweighed by its danger for unfair prejudice. *See* Fed. R. Evid. 704, Advisory Committee Notes ("The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day."). *See also* C. Mueller & L. Kirkpatrick, Federal Evidence §361 at 708 (1994 & Supp. 2001) (expert testimony that touches on an ultimate issue "remains excludable, not because it directly touches ultimate issues, but because it is not helpful. And FRE 704 is not an open sesame to all opinion.").

Dr. Litsky's report reflects that in reaching his opinion regarding Howmedica's intent, he has drawn inferences from certain facts (some of which, in turn, he has inferred from other evidence) to determine whether the standard was met. The Isoms have not persuaded the Court that Dr. Litsky is, in this regard, any more qualified than an ordinary juror to draw those inferences. In *Woods v. Lecureux*, 110 F.3d 1215 (6th Cir. 1997), the court held that expert testimony that conduct by warden was "deliberately indifferent" was properly excluded. It

3

reasoned that "whether a prison official acted with deliberate indifference depends on that official's state of mind. Thus, by expressing the opinion that [the official] was deliberately indifferent, [the expert] gives the false impression that he knows the answer to this inquiry, which depends on [the official's] mental state." *Id.* at 1221. The court stated that "testimony that does little more than tell the jury what result to reach" is unhelpful and thus inadmissible, and testimony regarding intent – essentially an inference from other facts – "is even more likely to be unhelpful to the trier of fact." *Id.*[1] *See also, e.g., Aerotech Resources, Inc. v. Dodson Aviation, Inc.*, No. 00-2099-CM, 2001 WL 474296 (D. Kan. 2001) (striking expert's testimony regarding parties' intent in entering into a contract); *Tasch, Inc. v. Sabine Offshore Service, Inc.*, No. 97-15901 JAB, 1999 WL 596261 (E.D. La. 1999) (same). *Cf. United States v. Benson*, 941 F.2d 598, 604 (7th Cir. 1991) (holding inadmissible testimony of an IRS agent regarding the purpose of a transaction; "[m]uch of [his] testimony consists of nothing more than drawing inferences from the evidence that he was no more qualified than the jury to draw."). The Court therefore excludes Dr. Litsky's opinions that Howmedica "conscious disregarded" and was "grossly indifferent" to the risk of injury.

This does not mean, however, that Dr. Litsky is necessarily forbidden from testifying concerning matters which bear on the issues of the alleged dangerousness of Howmedica's product and whether those dangers were inherent, readily apparent, or otherwise came to Howmedica's attention. We see no basis at this time to strike this material from the report and will leave it to Howmedica to raise the issue prior to trial if a legitimate basis exists to exclude it

---

[1] In *West v. Waymire*, 114 F.3d 646, 652 (7th Cir. 1997), the Seventh Circuit cited *Woods* with approval for the proposition that an expert witness is not allowed to draw "legal conclusion[s]."

4

from Dr. Litsky's testimony.

### b. Opinions regarding dangerousness of product

Dr. Litsky's report states that he considers Howmedica's product to be "defective" and "unreasonably dangerous" (he equates these two terms). Under Illinois law, a product is unreasonably dangerous "if it subjects those exposed to the product to an unreasonable risk of harm beyond that which would be contemplated by the ordinary person with ordinary knowledge common to the community as to the product's characteristics." *Haudrich v. Howmedica, Inc.*, 169 Ill. 2d 525, 662 N.E.2d 1248, 1255 (1996). Dr. Litsky appears to be sufficiently qualified to render an opinion regarding the dangerousness of the product – that is, the risk of harm that it presents when used as intended – and his opinions in that regard appears to be sufficiently supported. For present purposes at least, his testimony in that regard appears to be admissible.

But Dr. Litsky's conclusion that the product was *unreasonably* dangerous turns on what an "ordinary person with ordinary knowledge common to the community" about the product's characteristics would anticipate. The Isoms have not persuaded the Court that Dr. Litsky has any particular competence beyond that of the ordinary juror in assessing that issue. Indeed, with regard to that aspect of his opinion, Dr. Litsky essentially interprets the testimony of plaintiff Kerry Isom and the testimony of Richard Mele, who prosecuted a similar claim in the Illinois courts, regarding what they understood about the product. *See* Report, pp. 29-30. Plaintiffs have cited no authority supporting the proposition that this is an appropriate subject of expert testimony, particularly when Mr. Isom is available to testify and have the jury assess his testimony on its own.

Moreover, in testifying regarding the reasonableness or unreasonableness of the alleged

5

danger, Dr. Litsky is doing nothing more than telling the jury what result to reach, in an area that appears to be outside his area of expertise. As the Second Circuit has stated, "[w]hen an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's. When this occurs, the expert acts outside of his limited role of providing the groundwork in the form of an opinion to enable the jury to make its own informed determination." *United States v. Duncan,* 42 F.3d 97, 101 (2d Cir. 1994).

The Court is therefore inclined to bar Dr. Litsky from testifying regarding the alleged unreasonableness of the risks posed by Howmedica's product. We will withhold final determination of that issue, however, pending review of Dr. Litsky's deposition transcript, so that we can assess more completely the basis for that particular opinion.

c.     **Other matters**

Howmedica objects to several passages in Dr. Litsky's report in which he refers to "admissions" purportedly made by Howmedica in documents or other litigation. Dr. Litsky will not be permitted to make such characterizations at trial, but because his report will not be entered into evidence, we see no reason to strike this language from the report.

Finally, Howmedica objects to Dr. Litsky's repeated references to Mr. Mele's experience with defendant's product and to the *Mele* case. The Court sees nothing necessarily wrong with Dr. Litsky including as part of the basis for his opinions particular events regarding Howmedica's product and matters that have come to light in other litigation. But when Dr. Litsky testifies at trial, the Court will not permit him to refer to other lawsuits concerning the product; he will be required to make these references in a way that does not disclose the fact that Mr. Mele's

6

experience with the product resulted in a lawsuit.

## Conclusion

For the reasons stated above, defendant's motion to strike all or part of Dr. Litsky's Rule 26 report [docket item 80-1] is granted in part, denied in part, and deferred in part. The parties are directed to provide the Court with a copy of the transcript of Dr. Litsky's deposition within 14 days after the deposition is completed.

MATTHEW F. KENNELLY
United States District Judge

Date: May 20, 2002